KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
JORDAN D. SEGALL (State Bar No. 281102)
jordan.segall@mto.com
ROSE LEDA EHLER (State Bar No. 296523)
rose.ehler@mto.com
MIRANDA E. REHAUT (State Bar No. 335748)
miranda.rehaut@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants James Cameron, Lightstorm Entertainment, Inc., Twentieth Century Fox Film Corporation, The Walt Disney Company, Avatar Alliance Foundation, Industrial Light & Magic, and Stan Winston Studio, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Q'ORIANKA KILCHER,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES CAMERON, et al.,<br><br>Defendants. | Case No. 2:26-cv-04832-WLH-DSR<br><br>**SECOND STIPULATION AND [PROPOSED] ORDER RE: SECOND AMENDED COMPLAINT AND ADJUSTED BRIEFING SCHEDULE FOR PLEADINGS MOTIONS**<br><br>Judge: Hon. Wesley L. Hsu<br>Current Hrg. Date: December 4, 2026<br>New Hrg. Date: December 18, 2026 |

Plaintiff Q'orianka Kilcher ("Plaintiff") and Defendants James Cameron; Lightstorm Entertainment, Inc.; Twentieth Century Fox Film Corporation; The Walt Disney Company; Avatar Alliance Foundation; Industrial Light & Magic; and Stan Winston Studio, LLC ("Defendants"), by and through their respective counsel of record, hereby stipulate and respectfully request that the Court (1) accept Plaintiff's Second Amended Complaint ("SAC") as filed; (2) extend the briefing schedule for Defendants' forthcoming motion to dismiss the first cause of action in the SAC; (3) continue the hearing on Defendants' motion to dismiss, currently scheduled for December 4, 2026 at 1:30 p.m., to December 18, 2026, or to such other date and time as is convenient for the Court; and (4) if the Court denies Defendants' motion to dismiss the SAC and extends supplemental jurisdiction over Plaintiff's state-law claims, allow the parties to set a briefing schedule for a renewed motion to dismiss and/or strike under California's anti-SLAPP statute the state-law claims in the SAC.

Plaintiff and Defendants make this stipulation and request with reference to the following facts:

(a) On September 21, 2026, the Court granted in part and denied in part Defendants' motion to dismiss the Complaint, and granted Plaintiff leave to amend. Dkt. 52.

(b) On September 28, 2026, Plaintiff filed her First Amended Complaint ("FAC"). Dkt. 54.

(c) On October 7, 2026, Defendants' counsel sent Plaintiff's counsel a letter raising certain deficiencies with the FAC, including that the FAC (i) appeared to have been prepared with the use of artificial intelligence, without the disclosure or verification of the same as required by this Court's Standing Order for Newly Assigned Civil Cases (2026-07-23 Rev.); and (ii) appeared to contain factual errors, including the attribution of quotations to sources that did not include the quoted material.

(d) On October 12, 2026, counsel for Plaintiff and Defendants met and conferred regarding the matters raised in Defendants' October 7, 2026 correspondence. Without admitting or conceding any of the assertions, characterizations, or alleged deficiencies identified in that correspondence, Plaintiff's counsel requested leave to file a SAC in order to address the matters raised and to avoid unnecessary motion practice concerning the operative pleading.

(e) Counsel for the parties agreed that Plaintiff should be permitted to file a SAC by October 19, 2026, and that the current briefing deadlines and motion hearing date should be adjusted to accommodate the new pleading.

(f) On October 13, 2026, counsel for the parties filed a Stipulation and [Proposed] Order re: Second Amended Complaint and Adjusted Briefing Schedule for Pleadings Motions. Dkt. 58.

(g) On October 19, 2026, the Court issued an Order re: Second Amended Complaint and Adjusted Briefing Schedule for Pleadings Motions, which set October 19, 2026 as Plaintiff's deadline for filing a SAC and adjusted the briefing schedule and motion hearing date accordingly. Dkt. 59.

(h) Plaintiff was unable to file her SAC until October 21, 2026, due to a medical emergency involving her counsel.

(i) Based on Plaintiff's excused delay in filing the SAC, the parties have agreed to extend the schedule for Defendants to move to dismiss the SAC.

(j) In addition to modifying the discussion of Plaintiff's Lanham Act claim based on the Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (Dkt. 52), the SAC also modifies Plaintiff's state-law claims, which were the subject of Defendants' Special Motion to Strike Plaintiff's State-Law Claims Pursuant to California's Anti-SLAPP Statute (Dkt. 35). The Court has held that motion in abeyance while Plaintiff has had an opportunity to amend her pleadings with respect to the Lanham Act claim.

(k) The SAC's modifications to the state-law claims are extensive enough that, in the event the Court denies Defendants' forthcoming motion to dismiss the SAC and extends supplemental jurisdiction over Plaintiff's state-law claims, Defendants would like the opportunity to revise and renew their motion to strike those claims.

(l) In the interest of judicial and party efficiency, the parties request that the Court continue to hold Defendants' outstanding motion to strike (Dkt. 35) in abeyance until the Court has had an opportunity to rule on Defendants' forthcoming motion to dismiss the SAC, and if necessary to decide whether to exercise supplemental jurisdiction over the remaining state-law claims.

(m) If the Court denies Defendants' forthcoming motion to dismiss the SAC or decides to retain supplemental jurisdiction over Plaintiff's state-law claims, the parties request the opportunity to set a briefing schedule for a renewed motion to dismiss and/or strike under California's anti-SLAPP statute the state-law claims as pleaded in the SAC.

NOW, THEREFORE, the parties, by and through their respective counsel of record, hereby stipulate and agree, subject to the approval of the Court, as follows:

1. Plaintiff's SAC shall be deemed filed as of October 21, 2026.

2. Defendants shall file a motion to dismiss the SAC on or before November 9, 2026.

3. Plaintiff shall oppose the motion on or before November 23, 2026.

4. Defendants shall file any reply brief on or before December 4, 2026.

5. The hearing on Defendants' motion to dismiss the SAC shall be continued to December 18, 2026, or to such date and time as is convenient for the Court.

6. If the Court denies Defendants' motion to dismiss the SAC or decides to retain supplemental jurisdiction over Plaintiff's state-law claims, the parties will

provide a stipulated schedule for a motion to dismiss and/or strike under the anti-SLAPP statute Plaintiff's state-law claims.

7. The Scheduling Conference, currently scheduled for January 8, 2027, shall be continued to January 22, 2027, or to such date and time as is convenient for the Court.

**IT IS SO STIPULATED.**

DATED: October 27, 2026 MUNGER, TOLLES & OLSON LLP

By: */s/ Kelly M. Klaus*
KELLY M. KLAUS
Attorneys for Defendants

DATED: October 27, 2026 PETER LAW GROUP

By: */s/ Arnold P. Peter*
ARNOLD P. PETER
Attorneys for Plaintiff

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Kelly M. Klaus, attest that the other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: October 27, 2026 MUNGER, TOLLES & OLSON LLP

By: */s/ Kelly M. Klaus*
KELLY M. KLAUS
Attorneys for Defendants